BRYAN CAVE LEIGHTON PAISNER LLP (No. 00145700)
Gregory B. Iannelli, 026549
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Email: gregory.iannelli@bclplaw.com

*Attorneys for Applicant Shenzhen Naixing Technology Ltd. Co.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| In re Ex Parte Application of Shenzhen Naixing Technology Ltd. Co. | No. |
|---|---|
| *Applicant*, | **SHENZHEN NAIXING TECHNOLOGY LTD. CO.'S APPLICATION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A SUBPOENA DUCES TECUM PURSUANT TO 28 U.S.C. § 1782** |
| For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings | |

Applicant Shenzhen Naixing Technology Limited Company ("Applicant"), a company formed under the laws of China with its principal place of business at 2nd Floor, Building 48, Dayangtian Industrial Zone, Wanfeng Community, Xinqiao Street, Baoan District, Shenzhen, China, submits this application for an order pursuant to 28 U.S.C. § 1782 granting leave to obtain documents and deposition testimony for use in a foreign proceeding by issuing subpoenas duces tecum pursuant to Rule 45 of the Federal Rules of Civil Procedure. In support, Applicant submits the following.

**I.   BACKGROUND**

In 2021, Shenzhen Smoore Technology Limited Company ("Smoore"), a company formed under the laws of China with its principal place of business at 1-6F of No. 16 (main building and annex building), 1-5F of No. 15, 1-3F of No.17, 1-5F of No.18 south building, Dongcai Industry Park, Gushu Community, Xixiang Street, Bao'an District, Shenzhen, China, brought a patent infringement suit in Shenzhen Intermediate People's Court of Guangdong Province, case number (2021)粤03民初5424号 ((2021)Yue(03)MinChuNo.5424), alleging Applicant manufactured and sold products that infringed Smoore's Chinese design patent: 201730049185.X, entitled "Electronic Cigarette Atomizer (TH210)". Decl. of Jiaming Li (6/23/23) ("Li Decl.") ¶ 4. The Shenzhen Intermediate People's Court of Guangdong Province held that Applicant did not adequately establish its defenses, and that Applicant's

manufacture and sale of certain products constituted infringement of the asserted design patent. *Id.* ¶ 5.

Applicant appealed the decision to the Guangdong High People's Court; and the appeal was accepted, case number (2022)粤民终4401号 ((2022)YueMinZhongNo.4401). *Id.* ¶ 3. In the appeal, Applicant submitted new evidence showing that Smoore's U.S. distributor, Jupiter Research LLC ("Jupiter Research"), displayed and was offering for sale Liquid 6 products at the Marijuana Business Conference & Expo 2016 ("2016 Expo"). *Id.* ¶ 7-8. This display of the Liquid 6 product predates the filing of Smoore's design patent and is directly relevant to Applicant's non-infringement defense in China of practicing existing designs. *Id.* ¶ 6.

This new evidence included a YouTube video. *Id.* ¶ 8. The video depicts Jupiter Research co-founder Bob Crompton discussing and introducing the Liquid 6 product at the 2016 Expo. *Id., see* https://www.youtube.com/watch?v=kIc1avZG7qc (starting at approximately 7 min., 40 sec.); *see also* https://www.jupiterresearch.com/about/ (Jupiter Research co-founder Bob Crompton and sale of Smoore products beginning in 2016). Smoore challenged the evidence's authenticity, and argued that, as it was sourced from outside China, the evidence needed to be notarized within China. *Id.* ¶ 9. After notarized evidence was provided and cross-examination at the hearing, the Guangdong High People's Court required Smoore to respond to specific questions regarding the Liquid 6 product designs. *Id.* ¶ 10. Smoore claimed "Liquid 6" is a trademark and does not correspond with a specific product design, and that Smoore was unable to confirm what products Jupiter Research displayed at the 2016 Expo. *Id.* ¶ 11. However, Smoore did not fully explain what efforts it made, or did not make, to obtain the court requested information from Jupiter Research. Smoore did not address (1) the fact that Liquid 6 on Jupiter Research's website indicates there are thermoplastic and glass housing versions of the Liquid 6 cartridges whose designs are essentially the same, and differ primarily in their volume capacity (see https://www.jupiterresearch.com/products/liquid6-cartridges/); (2) whether Smoore requested information from Bob Crompton (who participated at the 2016 Expo, is shown in the video, and is still employed at Jupiter Research); (3) what requests for documents or other information were made, if any, of Jupiter Research; or (4) who at Jupiter Research was contacted regarding these issues prior to responding to the Guangdong High People's Court's requests. *Id.* ¶ 12. Thus, discovery is

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
(602) 364-7000

need from Jupiter Research—who was directly involved with and would have information and documents related to the early product disclosure activities, especially with respect to the 2016 Expo. This discovery from Jupiter Research and Bob Crompton would be used to supplement the incomplete evidence provided by Smoore to the Guangdong High People's Court and support Applicant's non-infringement defense of practicing existing designs. *Id.* ¶ 6, 13.

By way of this application, Applicant seeks discovery from Jupiter Research about when it first received Smoore's design and Liquid 6 products, and how those products were disclosed to the public, including at the 2016 Expo. Documents and deposition testimony regarding the early product disclosure would be used in the Chinese litigation between Smoore and Applicant about the asserted design patent. Central to Applicant's non-infringement position regarding practicing the prior art in the foreign litigation is whether Smoore's Liquid6 product design was disclosed to Jupiter Research and what additional disclosures Jupiter Research made with respect to those product designs prior to the date of Smoore's asserted design patent. *Id.* ¶ 13-14.

## II.     ARGUMENT

Federal law permits assistance to foreign and international tribunals and to litigants before such tribunals:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Thus, the statute requires that: (a) the person from whom discovery is sought "resides or is found" in the same district as the district court, (b) the discovery material is to be "use[d] in a foreign or international tribunal," and (c) the application is brought by "a foreign or international tribunal or . . . any interested person." *Id.* "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). It provides assistance in obtaining documents and testimony.

In addition to considering the statutory requirements of Section 1782, this Court retains substantial discretion regarding permitting the requested discovery. *See Khrapunov v. Prosyankin*, 931 F.3d 922, 926 (9th Cir. 2019). Discretionary factors that this Court may consider include:

[1] 'whether the person from whom discovery is sought is a participant in the foreign proceeding';

[2] 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance';

[3] whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and

[4] whether the request is 'unduly intrusive or burdensome.'

*Intel*, 542 U.S. at 264-65. *See also In re FourWorld Event Opportunities LP*, No. MC-22-00055-PHX-DWL, 2023 WL 155863, at *1 (D. Ariz. Jan. 11, 2023) (slip op.) (quoting *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 571 (9th Cir. 2011)).

Further, Applicant's *ex parte* discovery request is both common and proper. *See In re Google*, 114 U.S.P.Q.2d 1161 (N.D. Cal. 2014) (citing *Intel*, 542 U.S. at 264-65). This application, therefore, satisfies the statutory requirements (*see* 28 U.S.C. § 1782), and the *Intel* factors weigh in favor of granting this application.

**A.   Applicant Meets The Statutory Requirements**

**1.   Jupiter Research is found in this district**

Under Section 1782, a company resides or is found in the district where it has its principal place of business. *See In re Bayerische Motoren Werke AG*, No. MC-22-00016-PHX-SPL, 2022 WL 1092804, at *1 (D. Ariz. Apr. 12, 2022) (slip op.) (granting such an application where the respondent's principal place of business was in Chandler, Arizona). Jupiter Research is incorporated in Arizona (Ex. A); Jupiter lists its address as 2801 E Camelback Rd STE 180, Phoenix, AZ 85016 on its website (Ex. B).

**2.   The discovery sought is for use in a foreign proceeding**

The discovery would be used in the Chinese litigation between Smoore and Applicant. As noted above, Jupiter Research and Bob Crompton appear uniquely situated to provide documents and

1  testimony regarding early disclosure of Smoore products, including the Liquid 6 products at the 2016
2  Expo. This evidence is directly relevant to the issue of non-infringement of Smoore's asserted Chinese
3  design patent based on practicing existing designs and would be used in the pending Chinese
4  proceeding. *See* Li Decl. ¶ 13-14.

### 3. The application is brought by an "interested person"

A person who participates and "possesses a reasonable interest in obtaining judicial assistance" qualifies as an "interested person" in the context of Section 1782. *See Intel*, 542 U.S. at 256-7. "The legislative history to § 1782 makes plain that 'interested person' includes a party to the foreign litigation." *See Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (finding that an applicant who was a party to a foreign litigation satisfied this statutory element). Applicant is the party to the foreign litigation and is therefore an "interested person." *See* Li Decl. ¶ 4.

### B. The *Intel* Factors Favor Granting This Application

#### 1. Jupiter Research is not a party to the foreign proceeding

The first factor is satisfied because Jupiter Research is not a participant in the foreign proceeding. Li Decl. ¶ 15. As the *Intel* Court noted, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Jupiter Research is beyond the reach of the Chinese court and granting of this application is needed to obtain essential evidence for use in that foreign proceeding. Li Decl. ¶ 15.

#### 2. The foreign court is requesting this discovery

The second *Intel* factor combines consideration of the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. *Palantir Technologies, Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 913-14 (N.D. Cal. 2019), citing *Intel*, 542 U.S. at 264. This Court has found that where a foreign court requests information sought by via the Section 1782 application, this factor weighs in favor of granting the application. *In re Request for Jud. Assistance from Harju Cnty. Ct. in Tallinn, Estonia*, No. MC-22-00056-PHX-MTL, 2023 WL 2163754, at *2 (D. Ariz. Feb.

22, 2023). Here, the foreign court requested information regarding Liquid 6 product disclosures by Jupiter Research at the 2016 Expo; but Smoore failed to fully respond to those requests. *See* Li Decl. ¶ 10-12. Thus, discovery from Jupiter Research is needed to adequately provide responses to the foreign court's request for information.

Moreover, it is expected that documents and testimony obtained from Jupiter Research would be accepted as evidence in the foreign proceeding. *Id.* ¶ 13-14. Where, as here, there is "no evidence that the discovery sought would offend the [foreign] court," *In re Bayerische Motoren Werke AG*, No. MC-22-00016-PHX-SPL, 2022 WL 1092804, at *2 (D. Ariz. Apr. 12, 2022), the second *Intel* factor weighs in favor of granting the application.

### 3. Applicant's request is not an attempt to circumvent foreign proof-gathering restrictions

Where there is no evidence the foreign court is unreceptive to the facts elicited from a Section 1782 application, this factor weights in favor of granting the application. *See In re Ulmans,* No. MC-22-00052-PHX-GMS, 2023 WL 1767194, at *2 (D. Ariz. Feb. 3, 2023). Applicant's request exceeds this standard: this application is not an attempt to circumvent foreign proof-gathering restrictions, but instead would complement the Guangdong High People's Court's requested discovery from Smoore. Li Decl. ¶ 10-13. Jupiter Research, the entity involved with certain relevant product disclosures including its involvement with the 2016 Expo, however, is not a party to that foreign litigation and cannot be compelled to provide documents or testimony. *Id.* ¶ 15. Moreover, the Guangdong High People's Court has requested the information related to that sought via this application. *Id.* ¶ 10.

### 4. The request is not unduly intrusive or burdensome

The request is not unduly intrusive or burdensome as it (1) is focused on specific products Jupiter Research displayed or sold prior to February 23, 2017, and (2) concerns documents related to those products that Jupiter Research has likely kept as regular business records. *In re Credit Suisse Virtuoso SICAV-SIF in Respect of Sub-Fund Credit Suisse (Lux) Supply Chain Fin. Fund,* No. MC-21-00051-PHX-DWL, 2022 WL 1265919, at *3 (D. Ariz. Apr. 28, 2022) (granting an application where the subpoena was narrowly tailored to the underlying insolvency claim.).

Further, Smoore has been engaged in protracted litigation at the International Trade Commission—in which Jupiter participated—about its U.S. patents directed to such products. *See Certain Oil-Vaping Cartridges, Components Thereof, and Products Containing the Same*, No. 337-TA-1286, Final Initial Determination (Feb. 3, 2023). Jupiter likely kept business records as part of a litigation hold for the ITC investigation. As these discretionary factors weigh in favor of granting this application, this Court should so grant this application.

### III. CONCLUSION

Applicant requests that this Court grant the discovery application and issue the attached subpoenas.

RESPECTFULLY SUBMITTED this 26th day of June, 2023.

BRYAN CAVE LEIGHTON PAISNER LLP

By /s/ Gregory B. Iannelli
Gregory B. Iannelli
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406

*Attorneys for Applicant*

607469662.2

7

## CERTIFICATE OF SERVICE

I certify that on June 26, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

/s/ Gregory B. Iannelli

**Bryan Cave Leighton Paisner LLP**
**Two North Central Avenue, Suite 2100**
**Phoenix, Arizona 85004-4406**
**(602) 364-7000**

607469662.2

8