**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Ex Parte Application of Shenzhen Naixing Technology Ltd. Co.,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | No. MC-23-00024-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Jupiter Research LLC's ("Jupiter") Motion to Quash Subpoena (Doc. 14) and Shenzhen Naixing Technology Ltd. Co.'s ("Naixing") Motion for Alternative Service on Non-Party Robert Crompton (Doc. 17). For the reasons below, Jupiter's Motion to Quash is denied and Naixing's Motion for Alternative Service is granted.

## BACKGROUND

Shenzhen Smoore Technology Co., Ltd. ("Smoore") is a Chinese company that manufactures vaping hardware products and related technologies. (Doc. 14 at 2). Jupiter is an Arizona LLC founded in 2015 by Robert Crompton. (*Id.* at 2; Doc. 17 at 1). Jupiter is a wholesale provider of vaporizer cartridges and distributes products designed and manufactured by Smoore. (Doc. 14 at 2). Smoore and Jupiter are independent entities without any joint ownership. (*Id.* at 2).

In 2021, Smoore filed a patent infringement suit against Naixing in the Shenzhen Intermediate People's Court. (*Id.* at 3). That court held that Naixing failed to establish any

defenses to its infringement on Smoore's patent. (*Id.* at 3; Doc. 15 at 2). Naixing filed an appeal with the Guangdong People's High Court ("Appellate Court"). (Doc. 14 at 3; Doc. 15 at 2). Naixing asked the Appellate Court to inquire into a certain product line produced by Smoore called Liquid 6. (Doc. 14 at 3; Doc. 15 at 2). The Liquid 6 products allegedly appeared in Jupiter's possession in a 2016 YouTube video, a fact that if true could be key to Naixing's defenses. (Doc. 15 at 2). Naixing first raised this avenue for discovery at a hearing held on March 21, 2023—the Appellate Court's discovery deadline. (Doc. 14 at 3; Doc. 15 at 2). Smoore responded to the Court's inquiries—in a manner that Naixing characterizes as "empty"—and Naixing did not pursue further discovery on Smoore. (Doc. 14 at 3; Doc. 15 at 2).

On June 26, 2023, Naixing submitted its Application for an Order Authorizing the Issuance of a Subpoena Duces Tecum Pursuant to 28 U.S.C. § 1782 seeking leave to obtain documents and deposition testimony from Jupiter for use in a foreign procedure. (Doc. 1 at 1). This Court granted Naixing's *ex parte* application on July 13, 2023. (Doc. 7 at 1). On August 9, 2023, Jupiter filed a Motion to Quash Subpoena. (Doc. 14).

## DISCUSSION

### I. Motion to Quash

#### A. Legal Standard

Under 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, as long as the disclosure does not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). Such an order is appropriate where "(1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *Med. Corp. v. Google, LLC*, No. 22-MC-80077-HSG, 2022 WL 5122954, at *1 (N.D. Cal. Oct. 4, 2022) (internal punctuation omitted) (citing *Intel*, 542 U.S. at 246–47).

A court's decision to grant a § 1782 motion is a matter of discretion, even if an

application satisfies all three requirements. *Intel*, 542 U.S. at 246–47. In exercising its discretion, a court considers four factors: "(1) [w]hether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782 aid; (2) [t]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court jurisdictional assistance; (3) [w]hether the § 1782 request conceals an attempt to circumvent foreign [proof-gathering] restrictions or other policies of a foreign country or the United States; and (4) [w]hether the subpoena contains unduly intrusive or burdensome requests." *In re Fils*, No. 20-MC-80176 NC, 2020 WL 13094013, at *1 (N.D. Cal. Oct. 14, 2020) (*quoting Intel*, 542 U.S. at 246.) The purpose of the Court's inquiry is to further the twin aims of § 1782: "providing efficient assistance to participants in international litigation[] and encouraging foreign countries by example to provide similar assistance to U.S. courts." *Med. Corp. v. Google, LLC*, No. 22-MC-80077-HSG, 2022 WL 5122954, at *1 (N.D. Cal. Oct. 4, 2022) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

### B. Analysis

As a threshold matter, Naixing satisfies the three elements under § 1782. Naixing is seeking discovery from Jupiter, which is an Arizona corporation residing in this Court's district. (Doc. 14 at 2). Additionally, Naixing is an interested person under § 1782 by virtue of its status as a party to the pending appeal. (*Id.* at 2). Finally, discovery under § 1782 is "for use" in a foreign proceeding. Jupiter asserts that relevance alone is not sufficient to prove the "for use" element of § 1782 and that there was a procedural method Naixing could have used to discover the evidence in the Chinese Court. (*Id.* at 6). Jupiter further asserts that since the Appellate Court's initial discovery deadline has passed, Naixing does not have a procedural pathway to satisfy the "for use" element. (*Id.* at 6).

It is true that "[t]he relevance of the information sought to the subject of the proceeding is not sufficient in and of itself to authorize the district court to order discovery." *Certain Funds, Accts. and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113,

120 (2d Cir. 2015).  Naixing, however, can show not only relevance but a method to use that evidence before the Appellate Court.  The Appellate Court's Rules of Civil Procedure provide a mechanism for parties to offer evidence even beyond the initial discovery date:

> Where a party provides evidence beyond the time limit, the people's court shall order it to explain the reasons therefor and require it to provide corresponding evidence when necessary.
>
> Where a party provides evidence beyond the time limit for any objective reason, or the other party does not object to the provision of evidence beyond the time limit, such evidence shall not be deemed overdue.

(Doc. 15-1 at 25).  Since Naixing is a party before the Appellate Court and can point to a procedural pathway through which it can use the § 1782 evidence, it has sufficiently established that it seeks the information to use it in a foreign proceeding.

The four *Intel* factors, favor granting the requested discovery.  First, Jupiter is an Arizona company and not a party in the pending case before the Appellate Court.  (Doc. 14 at 2).  As such, it is not within the jurisdictional reach of the Appellate Court.  Jupiter argues that Smoore would have access to the target material, but does not offer any evidence that Smoore has retained or provided any of the requested material.  (*Id.* at 9–10; Doc. 14-1 at 4–5).  Accordingly, this factor tilts in favor of Naixing.

Second, while the parties disagree as to whether the Appellate Court has explicitly requested this material from Jupiter, the second factor—receptiveness of the foreign tribunal—tilts in favor of Naixing for the same reason Naixing has demonstrated that the information sought is for use in a Chinese judicial proceeding.  In other words, the governing rule applying to late discovery allows a pathway to offer and admit any evidence discovered by Naixing.  As such, this factor also tilts towards Naixing.

Third, because Jupiter is not under the jurisdiction of the Appellate Court, this Court finds that, at least in this case, the § 1782 application is not an attempt to circumvent foreign rules of civil procedure.  Again, any evidence discovered by Naixing will nevertheless have to be accepted by the Appellate Court under its rules of civil procedure.  Thus, this factor also tilts towards Naixing.

Finally, Naixing's requested discovery is not overly burdensome. "The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure." *Medeiros v. Int'l Game Tech.*, No. 2:16-CV-00877-JAD-NJK, 2016 WL 1611591, at *3 (D. Nev. Apr. 22, 2016) (citing *Gov. of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 343 (8th Cir. 2012)). Naixing seeks discovery tailored to its defenses before the Appellate Court: documents relating to the Liquid 6 products sold or displayed before February 23, 2017, as well as the regularly kept business documents related to those products. (Doc. 1 at 6). Additionally, Naixing indicated that it will work within the parameters of Federal Rules of Civil procedure to consult with Jupiter and narrow the scope of discovery if required. (Doc. 15 at 11). Based on Naixing's defenses and the nature of the requested material, this Court cannot say that it is beyond the scope of Rule 45. Accordingly, this factor also tilts in favor of Naixing.

Jupiter argues that the subpoena should be quashed because any materials in Jupiter's possession would also be in Smoore's possession and would have already been disclosed. (Doc. 14 at 9–10). In response, Naixing claims that Smoore evaded the Appellate Court and did not fully disclose the information in their possession. (Doc. 15 at 2–3). While, if proven, either contention would be compelling, the parties each support their allegations with dueling declarations. (Doc. 14-1 at 4); (Doc. 15-1 at 3). Accordingly, these claims cancel one another out and do not favor either party. Similarly, neither Naixing's declaration that the Appellate Court is specifically awaiting discovery facilitated by this Court nor Jupiter's claim that such communications are improperly ex parte are persuasive. (Doc. 18-1 at 1–2); (Doc. 19 at 2). The purpose of § 1782 is to allow courts to facilitate discovery for foreign tribunals for the purpose of encourage reciprocal treatment from foreign courts; it is not a mechanism for domestic courts to evaluate the judicial processes of foreign sovereigns. *Med. Corp.*, 2022 WL 5122954, at *1.

In sum, this Court finds that Naixing has met its burden under § 1782 and, accordingly, grants its § 1782 application.

## II. Motion for Alternative Service

The Court has reviewed Applicant's Motion for Alternative Service (Doc. 17) and service of process attempts. There is good cause appearing for alternative service for Robert Crompton. Accordingly, Applicant's Motion for Alternative Service is granted.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** Jupiter Research LLC's Motion to Quash Subpoena (Doc. 14) is **DENIED**.

**IT IS FURTHER ORDERED** Applicant's Motion for Alternative Service on Non-Party Robert Crompton (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Applicant shall serve Mr. Crompton by delivering a copy of the subpoenas (Doc. 7-1 at 1–15) and order granting this motion by certified mail, return receipt requested, to Mr. Crompton's last known residential address, Mr. Crompton's last known work address, and to Daniel Mahoney, Joshua Schneiderman, and Cameron Cutler of Snell & Wilmer LLP.

**IT IS FINALLY ORDERED** Applicant shall file a proof of service upon completion of the above items, and Mr. Crompton shall be considered served five business days after the filing of the affidavit.

Dated this 7th day of November, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge